

# GIRVIN & FERLAZZO, PC
## ATTORNEYS AT LAW

20 Corporate Woods Blvd.
Albany, New York 12211
tel: 518 462 0300
fax: 518 462 5037
www.girvinlaw.com

*Scott P. Quesnel*
*Partner*
*spq@girvinlaw.com*

January 5, 2022

**Via Electronic Mail & CM/ECF**
Hon. Cathy Seibel
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *Wong v. Blind Brook-Rye Union Free School District, et al.*
      *Civ. Action No. 7:20-cv-02718-CS*

Dear Judge Seibel:

My firm represents the Defendants Blind Brook-Rye Union Free School District ("District"), Jonathan Ross and Patricia Lambert (collectively "Defendants") in the above-referenced matter. I received the Court's December 27, 2021 docket entry concerning the passing of Plaintiff's counsel, Ambrose Wotorson, Esq. Dkt. No. 37. The Court has directed the Defendants to present the Court with a proposal in terms of how to proceed in this matter. *Id*. I propose granting Plaintiff Tracey Wong ("Plaintiff") a reasonable period of time, such as 60 or 90 days, to retain new counsel to represent her in this action. In granting Plaintiff this relief, however, the Court should require any attorney or firm that files an appearance on behalf of Plaintiff to address the current status of this case as a result of the actions or, more accurately stated, the inaction of Attorney Wotorson prior to his death.

As the Court will recall, on June 10, 2021, the parties agreed to a schedule under which the Defendants' would file a motion for summary judgment pursuant to Fed. R. Civ. P. 56, and Plaintiff would oppose that motion. The Court granted Plaintiff a generous amount of time to oppose the Defendants' motion, as well as a one-week extension of the deadline at Attorney Wotorson's request. Dkt. Nos. 27-28. After the Defendants timely moved for summary judgment, Plaintiff's deadline to oppose that motion came and went with no submission by Plaintiff. In my career, I have never had a represented party fail to oppose a Rule 56 motion seeking the complete dismissal of an action. As a result of this unusual circumstance, as a professional courtesy, I afforded Attorney Wotorson a reasonable opportunity to file a late submission with the Court. After several weeks passed with no action by Plaintiff, I filed a reply brief in which I sought, among other relief for my clients, sanctions against Plaintiff's counsel under Fed. R. Civ. P. 11(b) for the costs and attorneys' fees associated with Defendants' unopposed Rule 56 motion. Dkt. No. 29. The day after I sought that relief, Attorney Wotorson filed a late and oversized opposition submission with the Court. Dkt. Nos. 30-34. Attorney Wotorson also filed a letter with the Court in which he attributed his failure to oppose the Defendants' motion to "a motion backlog". Dkt. No. 35.

After receiving that submission, I immediately called Attorney Wotorson, who nonchalantly stated to me that he was simply "too busy" to oppose the Defendants' motion. At no point during our call did Attorney Wotorson reference any problems with his health, or attribute his failure to oppose the Defendants' motion to a medical condition. Shortly after I ended my call with Attorney Wotorson, I received the Court's Text Order in which it denied Attorney Wotorson's request to file a late and oversized brief, but nonetheless gave him the opportunity to further explain his failure to oppose the Defendants' motion. Dkt. No. 36. That was September 22, 2021 – more than three months ago. In that span of time, Attorney Wotorson did not attempt to offer this Court any justification for his failure to timely oppose the Defendants' Rule 56 motion. During the same timeframe, however, Attorney Wotorson was able to participate in at least one other action that is currently pending before this Court,[1] and was able to commence a new action on October 18, 2021, in the matter of *Naprstek v. Marriot International, Inc.*, 21-cv-8560 (CM).[2]

Since it does not appear that Attorney Wotorson was rendered medically unable to participate in this case, the Court can reasonably conclude that Attorney Wotorson did not have a reasonable explanation for his failure to oppose the Defendants' motion. As a result, any new counsel retained by Plaintiff should be required to address this issue before being afforded the opportunity to oppose the Defendants' motion for summary judgment.

I appreciate the Court's willingness to consider this letter. Should the Court require any additional information, I remain available to the Court.

Respectfully submitted,

GIRVIN & FERLAZZO, P.C.

By: *[signature]*
Scott P. Quesnel

SPQ/arcl

Cc: Tracey Wong

Plaintiff may have until 3/7/22 to find new counsel. If no new lawyer has filed an appearance by that date, she may continue the case *pro se* (representing herself). Because the motion has now been pending since July without proper opposition being filed, I will, for administrative purposes only, deny it without prejudice to renewal. Defendants shall re-file it on 3/7/22. By 3/14/22, Plaintiff if she is *pro se*, or her lawyer if she has one, shall submit a letter, of no more than 3 pages, addressing whether the Court should allow Plaintiff to submit opposition. Defendants may respond, also by letter of no more than 3 pages, by 3/21/22. Counsel for Defendants shall promptly serve a copy of this endorsement on Plaintiff.

SO ORDERED.

1/5/22

*[signature]*
CATHY SEIBEL, U.S.D.J.

---

[1] On October 15, 2021, Attorney Wotorson filed a letter motion seeking additional tim[e in the] matter of *Jean-Giles v. Rockland County*, 20-cv-1999(AEK). Dkt. No. 55. Atto[rney Wotorson] participated in a telephone conference with the Court in that case on November 18, 2021.

[2] It should also be noted that, upon information and belief, on October 5, 2021, Attorney Wotorson was able to post on Twitter about a recent class action settlement involving Tesla, Inc. *See* https://twitter.com/AmbroseWotorson/status/1446511187328475156

2